**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PRESTON A. McLAIN,**

    **Plaintiff,**

**v.**

                                              **Case No. 8:06-cv-2156-T-TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion for Attorney Fees and Costs** (Doc. 20). The Commissioner did not file a response and the motion is deemed unopposed. Upon review of the pleadings, it is ordered that Plaintiff is awarded **$4,590.33** in attorney's fees and **$380.00** in costs. This amount is to be paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

I.

Plaintiff filed an application for Supplemental Security Income payments, which was denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council denied review. Subsequently, the Plaintiff filed this action seeking judicial review. On March 3, 2008, this court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 18). On March 4, 2008, Judgment was entered in favor of Plaintiff. (Doc. 19).

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).

The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature. *See* 23 U.S.C. § 2412(d)(1)(B); *Myers*, 916 F.2d at 666 (citing *Haitian Refugee Ctr. v. Meese*, 791 F.2d 1489, 1494 (11th Cir.), *vacated in part on other grounds on reh'g*, 804 F.2d 1573 (11th Cir. 1986)). A "final judgment" is one that is no longer appealable. *See* 28 U.S.C. § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees. *See* Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672. Here, judgment is final and Plaintiff's motion for fees is ripe for consideration.

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C.

§ 2412(d)(1)(A). *Shalala v. Schaefer*, 509 U.S. 292 (1993). Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under *Schaefer*, is the prevailing party. Furthermore, upon consideration, the government's position was not substantially justified in this case, and the Commissioner does not contend otherwise. Therefore, an award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. *Andrews v. United States*, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). The EAJA provides:

> the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation."). Here, Plaintiff seeks a fee totaling $4,590.33 based on 31.80 hours worked in 2006, 2007, and 2008 at an enhanced rate of $144.35. Plaintiff bases this calculation on the cost of living increases from the 1996 EAJA amendments to the time the work was performed.

As the court has stated in numerous orders, fee applications under the EAJA for work performed during and after 2006 typically seek hourly rates ranging from $125.00 to in excess of $160.00 per hour. Very competent counsel performing this type legal work have

routinely sought only $125.00 per hour for their services. The availability of qualified attorneys at lower hourly rates militates against a higher fee. Despite this conclusion, the court acknowledges that counsel handling these Social Security disability matters perform a valuable service to often needy individuals in dire circumstances.

Upon consideration, the court finds that increases in the cost of living justify enhancement of the $125.00 hourly rate established by the EAJA. Plaintiff's request to be compensated at the rate of $144.35 per hour is within the range this court has found to be reasonable. While the total hours expended by Plaintiff's counsel is on the high side, it is unopposed by the Commissioner as is Plaintiff's request that he be reimbursed for filing fees and service of process.

Accordingly, **Plaintiff's Petition for Attorney Fees** (Doc. 20) is GRANTED to the extent set forth herein. Plaintiff is awarded attorney's fees in the amount of **$4,590.33** and **$380.00** in fees. Plaintiff's counsel holds an assignment to the EAJA award (Doc. 20), I find it appropriate to direct that the Commissioner's remittance of this amount be made payable to Plaintiff and Plaintiff's counsel jointly.[1]

**Done and Ordered** at Tampa, Florida, this 29th day of August 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[1] *Cf. Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) (holding that under the EAJA, attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

4